IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30247
Summary Calendar
_____


FELIX ANTHONY PRICE,

Petitioner-Appellant,

versus

BURL CAIN, Acting Warden,
Louisiana State Penitentiary,
and RICHARD P. IEYOUB, Attorney
General, State of Louisiana,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(94-CV-3379-E)
_____
(July 6, 1995)

Before KING, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

I

Felix A. Price was convicted for first degree murder and is

serving a life sentence at the Louisiana State Penitentiary.  Price

now appeals the denial of his fourth federal petition for a writ of

_____

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

habeas corpus. Price's first petition was denied for failure to exhaust state remedies. Price's second petition was denied on the merits. In his second petition, Price raised the following issues:

(1) Denial of due process in overruling objection to questioning of witness James Floyd on redirect;

(2) Denial of due process in overruling objection to questioning of defendant on his opinion of testimony of state witnesses;

(3) Insufficient evidence to convict--evidence was sufficient to support conviction for manslaughter only;

(4) Jury charge on "specific intent to kill" and first degree murder were erroneous because they shifted burden of proof to the defense; and

(5) Denial of adequate appeal because court's erroneous jury charges were not included in transcript.

In his third petition, which was denied as an abuse of the writ or, alternatively, on the merits, Price raised the following issues:

(1) Insufficient evidence to convict--evidence was sufficient to support conviction for manslaughter only;

(2) Jury charge on difference between malice and "heat of passion" was insufficient, court did not distinguish between first degree murder and manslaughter; and

(3) Ineffective assistance of counsel--failure to object contemporaneously to trial court's erroneous charge on specific intent.

In his fourth petition, Price has raised the following issues:

(1) Insufficient evidence--evidence showed that he acted in self-defense;

(2) Jury instruction on reasonable doubt was constitutionally impermissible under Cage v. Louisiana, 498 U.S. 39 (1990); and

(3) Ineffective assistance of counsel--failure to object to jury instruction on reasonable doubt.

-2-

First, the magistrate judge found that Price's sufficiency of the evidence claim was barred under Rule 9(b) of the Rules Governing § 2254 Proceedings. Second, because the Cage issue involved a new claim, not firmly established at the time of his trial, the magistrate judge concluded that Price had established cause for his procedural default. The magistrate judge also concluded, however, that Price was not entitled to relief under Cage. The district court adopted the findings and conclusions of the magistrate judge. Price appealed to us and the district court issued a certificate of probable cause.

Rule 9(b) of the Rules Governing § 2254 Cases, provides:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

We review dismissals pursuant to Rule 9(b) under the abuse-of-discretion standard. See Saahir v. Collins, 956 F.2d 115, 120 (5th Cir. 1992).

"[A] serial habeas petition must be dismissed as an abuse of the writ unless the petitioner has demonstrated `cause' for not raising the point in a prior federal habeas petition and `prejudice' if the court fails to consider the new point." Id. at 118. To establish cause, the petitioner must show that some external impediment, such as government interference or the

reasonable unavailability of the factual or legal basis for the claim, prevented him from raising the claim initially. McCleskey v. Zant, 499 U.S. 467, 497 (1991). "Once [he] has established cause, he must show `actual prejudice' resulting from the errors of which he complains." Id. at 494 (internal quotation and citation omitted). Even if a petitioner cannot show cause and prejudice, he may still obtain federal habeas corpus review if he can show that "a fundamental miscarriage of justice would result from a failure to entertain the claim." Id. at 494-95.

### III

Price contends that he has new evidence showing that he acted in self-defense and that he has shown cause and prejudice excusing his failure to assert this issue in an earlier petition. Price contended in his petition and on appeal that exculpatory statements of witnesses, David Neunier and Scott Fruchtnicht, were withheld by the state during the trial in violation of Brady v. Maryland, 373 U.S. 83 (1963). Other than the fact that the witnesses were not called by the state to testify at trial, Price has offered no explanation for his belief that the statements were exculpatory. Price's conclusional allegations do not raise a constitutional issue and are insufficient to show that the district court was required to permit discovery or to conduct an evidentiary hearing. See Ross v. Estelle, 694 F.2d 1008, 1012 & n.2 (5th Cir. 1983). They are also insufficient to state cause and prejudice or a

-4-

miscarriage of justice excusing the failure to raise these issues in an earlier habeas petition.

IV

The magistrate judge found that the unavailability of the Cage claim was cause for Price's failure to raise it in an earlier petition. Recently, in James v. Cain, 50 F.3d 1327, 1332-33 (5th Cir. 1995), we held that the petitioner's defective reasonable doubt instruction had been reasonably available to the petitioner "at least since 1982." Under James, the Cage claims were available to Price at the time he filed his third habeas petition in 1990. See Ward v. Cain, ___ F.3d ___ (5th Cir. May 15, 1995, No. 95-30442), 1995 WL 296041 at *1 (construing James broadly), petition for cert. filed (U.S. May 15, 1995, No. 94-9266). Therefore, he has failed to establish cause for failing to raise these claims in an earlier habeas petition. "The effect of James is to relegate [Price]'s efforts to avoid the limitation of Rule 9(b) to the fundamental-miscarriage-of-justice exception. As defined by the Supreme Court, that exception is confined to cases of actual innocence, where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." Id. Under this standard, Price must show that "it is more likely than not that no reasonable juror would have found him guilty if given a correct instruction." Id.

Price's principal substantive argument is that he acted in self-defense and did not act with the intent to commit first degree

-5-

murder. Price contends that the jury would not have convicted him if it had been given an appropriate reasonable doubt instruction. In its opinion rejecting Price's state habeas application, the Louisiana appellate court noted that the state bore the burden of showing beyond a reasonable doubt that Price could not have reasonably believed that he was "in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger." A person who was the aggressor, however, could not claim the right of self-defense unless he withdrew from the conflict in good faith and in such a manner that his adversary knew or should have known that he desired to withdraw. Id. The court summarized the evidence as follows:

> In this case, the testimony indicates that the defendant first called out to [Robert] Johnson's companions. After the defendant and [Jimmy] James passed, Johnson called James. James testified that the defendant began removing a knife from a brown pouch before Johnson arrived near them. Johnson then initiated contact with the defendant by asking if they knew each another. James and Floyd testified that Johnson threatened the defendant and asserted he was going to kill the defendant. However, Floyd said Johnson threatened to kill the defendant the next time they met. A fight started with the defendant throwing the first punch after Johnson threw the beer. The defendant stated that when they fell to the ground he heard a knife opening and he grabbed the knife out of Johnson's hand to protect himself. However, Brown, Floyd and James all testified that Johnson did not have a knife and was holding a can of beer. James testified that Johnson never tried to strike the defendant.

Id. Johnson received fatal knife wounds during the altercation. Id. at 1300. These findings are consistent with the trial testimony and are presumptively correct under 28 U.S.C. § 2254(d).

-6-

Price's version of the testimony does not substantially vary from this characterization.

The question raised is what reasonable doubt instruction would have met constitutional muster under these circumstances. The Federal Judicial Center has developed the following reasonable doubt instruction:

> "Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty."

Victor v. Nebraska, 114 S.Ct. 1239, 1253 (1994) (Ginsberg, J., concurring) (quoting Federal Judicial Center, Pattern Criminal Jury Instructions 17-18 (1987) (instruction 21)). Thus, we will assume, for purposes of determining whether Price has suffered manifest injustice on account of a constitutionally deficient instruction, that Price should have received the instruction quoted above. Even so, Price cannot show that there was a manifest miscarriage of justice because a reasonable juror still could have concluded that Price did not reasonably believe that he was in imminent danger of losing his life or receiving great bodily harm. Because there is no showing of manifest injustice, Price's Cage claims are barred under Rule 9(b) and the district court did not abuse its discretion in denying these claims. See Bickford v. Int'l Speedway Corp., 654

F.2d 1028, 1031 (5th Cir. 1981) (judgment may be affirmed on alternative grounds).

                              V

Although the magistrate judge did not expressly consider the issue, in concluding that Price was not entitled to relief under Cage, the magistrate judge implicitly concluded that Price was not prejudiced by his attorney's failure to make a contemporaneous objection to the reasonable doubt instruction. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Price reurges his ineffective assistance claim on appeal. Ineffective assistance of counsel is cause for Rule 9(b) purposes. McCleskey, 499 U.S. at 493-94. To prevail, Price would have to show, inter alia, that his attorney's conduct fell outside of the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. As the court's opinion in James indicates, the legality of overly restrictive reasonable doubt instructions was not "percolating" through the state courts until the early 1980s. See James, 50 F.3d at 1333. The failure of Price's attorney to identify this issue at the time of the trial, in 1979, was not professionally unreasonable under Strickland.

                              VI

Price's fourth federal habeas petition was properly dismissed pursuant to Rule 9(b). The district court's judgment is

                                        A F F I R M E D.